**Robert J. DAVIS, et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF the NORTH LITTLE ROCK, ARKANSAS, SCHOOL DISTRICT, a Public Body Corporate, and F. B. Wright, Superintendent of Schools of the North Little Rock School District, Defendants,**

**Lorene Joshua, Intervenor.**

**No. LR–68–C–151.**

United States District Court, E. D. Arkansas, W. D.

Aug. 7, 1981.

On Application for Stay Aug. 17, 1981.

---

John Walker, Little Rock, Ark., for plaintiffs.

Robert V. Light, Little Rock, Ark., for defendants.

## ORDER

WOODS, District Judge.

On May 22, 1981 the defendants filed a motion for approval of a plan adopted by the North Little Rock Board of Education to close the Seventh Grade Center operated at Central Junior High School (formerly Jones). The Board stated that because of a significant decline in enrollment and other factors, it is no longer feasible economically or educationally to operate the Central School, which all seventh grade students had attended during the 1980–81 school year. Under the proposed plan the present Junior High Schools of Ridgeroad, Lakewood and Rose City would be organized as eighth-ninth grade schools with the Poplar Street School site being used for all seventh graders. The racial makeup of the three eighth-ninth grade junior high schools in new attendance zones drawn and approved by the Board would be as follows:

| Ridgeroad | | | |
|---|---|---|---|
| | white | 450 | |
| | black | 176 | |
| | | 626 | 28.1 percent minority |
| Lakewood | | | |
| | white | 374 | |
| | black | 169 | |
| | | 543 | 31.1 percent minority |
| Rose City | | | |
| | white | 284 | |
| | black | 157 | |
| | | 441 | 35.6 percent minority |

Since the racial makeup of the district is approximately 70% white and 30% black, the plan fully comports with prior decisions of the District Court and the Court of Appeals in the instant case.

■ Opposition to the motion was filed by the intervenor Mrs. Lorene Joshua on the basis that closing Central would impact more severely on black students, since a greater number of them would have to be bused in comparison to whites. While serious questions have been raised as to the intervenor's standing to attack the proposed plan, since none of her three children are seventh graders, we find standing on the basis of the fact that three of her children are in the North Little Rock School District. We also reject intervenor's contention that the Court does not have jurisdiction to decide this motion and proceed to decide the case on the merits. In addition to the motion and response thereto, briefs were filed by the parties and testimony was taken on August 5, 1981.

■ Superintendent of Schools George Miller, Assistant Superintendent Andrew Power and President of the Board of Education George Stancil all testified in support of the motion. Both of the latter are black. Only the intervenor testified in opposition to the motion, and her testimony was limited to the issue of her standing to contest the motion. The testimony of the movants amply supported their position that the District is faced with a budget reduction of $1,150,000; that the closing of Central would save the district approximately $340,-000; that the Poplar Street facility is a more desirable site from the standpoint of physical facilities and location, and that it would require less maintenance and security costs. While it is true that slightly more blacks than whites (120 against 93) would be bused under the proposed plan than were bused in the 1980–81 school year, we do not regard these figures as significant or unduly impacting upon the black children. As a matter of fact, in order to maintain a racially balanced school system in North Little Rock, busing must inevitably impact more severely on black students, who are concentrated to a large extent in certain areas of the school district.

The motion of the defendants is granted.

## ON APPLICATION FOR STAY

■ The intervenor, Mrs. Lorene Joshua, has applied for a stay of the Order this court entered on August 7, 1981, granting permission to the North Little Rock Board of Education to close Central Junior High School. The stay is denied for the following reasons *inter alia* :

1. The North Little Rock Board of Education needs to make immediate plans for the 1981–82 school year.

2. The notice seeking approval of the proposal to close Central Junior High School was filed in this court on May 22, 1981.

3. No response was made to this motion until intervenor's attorney wrote a letter dated June 19, 1981 (received several days later) in which the jurisdiction of this court was attacked. The jurisdiction argument was patently without merit, and on July 2, 1981 the Court wrote Mr. Walker and gave him ten (10) days to respond to the motion in spite of the fact that a response thereto was long overdue, as it was due ten (10) days after its service on May 22, 1981. Local Rule 20(b).

4. On July 13, 1981 Mr. Walker filed a pleading denominated "Opposition to School Closing," and the matter was set for hearing and the taking of testimony on August 5, 1981.

5. On the morning of August 4, 1981, a letter on Mr. Walker's letterhead and signed by Mr. John Sizemore, one of Mr. Walker's associates, was hand-delivered to the Court. The letter stated as follows: "This will also confirm that the plaintiffs are withdrawing, for the time being, their opposition to the defendants' motion to close the Seventh Grade Center." (Court Exh. 1) The letter designated a copy to Mr. Robert Light, attorney for the defendants. Mr. Light stated in open court that the letter was also hand-delivered to him on the morning of August 4, 1981.

6. In the early afternoon of August 4, 1981, Mr. Walker called me from Dallas, Texas and stated that his associate Mr. Sizemore had no authority to write the letter mentioned in (5), *supra* ; that he was withdrawing the letter; and that he wanted the hearing to proceed as scheduled. Although this request was unusual and unprecedented in my experience, in view of the effect on the public of a school closing, the Court advised Mr. Walker that the hearing would be reinstated for the next day, if Mr. Light had not released his witnesses (which he had done). Mr. Light, however, advised the Court that if the hearing could be postponed until 1:00 p. m., he could recontact· his witnesses. This was done, and the hearing was reinstated, at some inconvenience to both the Court and defendants' counsel, on August 5, 1981.

7. At the hearing not one witness testified in opposition to the closing of the school. Mr. Walker's only witness testified as to her standing to sue. This was highly dubious, since she had no children in the single grade affected by the closing. However, the Court found standing based on the fact that she had other children in the District. It is significant that, when the proposal was discussed and adopted at a public meeting of the North Little Rock Board of Education, the only person to appear · in opposition was Mr. Walker.

8. In contrast to the absence of witnesses opposing the Board's proposal, the Superintendent of the North Little Rock School District, the Assistant Superintendent, and the President of the North Little Rock Board of Education testified in support of the proposal at the August 5th hearing. Both of the latter are black.

9. The Court specifically finds that, on the record made before it, there is very little likelihood that the plaintiff-intervenor would prevail by virtue of an appeal.

10. The Court further finds that the movant, Mrs. Joshua, would not be harmed by refusal of this stay during appeal because she has no children in the affected grade.

11. The Court further finds that, if a stay is granted, the North Little Rock School District will be seriously harmed in terms of substantial added costs to the taxpayers of the district and in terms of proper planning for the ensuing school year.

12. In summary, the Court finds that the public interest would not be served by a stay of this Court's order of August 7, 1981 but would be seriously harmed.